# AUSTIN TERM, 1908.

## CHARLEY HARLESS v. THE STATE.

### No. 3788.  Decided April 22, 1908.

**Resisting Arrest—Information—Statutes Construed—Warrant.**

Where upon trial for resisting arrest, under article 236, Penal Code, the complaint and information failed to allege whether the arrest was being made by virtue of a warrant or without a warrant, the same was insufficient; and an allegation that the party sought to be arrested was drunk in a public place in the presence of an officer was not sufficient.

Appeal from the County Court of Scurry. Tried below before the Hon. C. R. Buchanan.

Appeal from a conviction for resisting arrest; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for resisting arrest, and his punishment assessed at a fine of $25.

Motion was made to quash the information on several grounds. It was framed under article 236 of the Penal Code, which reads as follows: "If any person shall wilfully oppose or resist an officer in executing or attempting to execute any lawful warrant for the arrest of another person in a case of misdemeanor, or in arresting or attempting to arrest any person without a warrant, where the law authorizes or requires the arrest to be made without a warrant, he shall be punished by a fine of not less than $25 nor more than $500; and if arms be used, by a fine of not less than $50 nor more than $1,000." It will be observed from the language of this article that it relates to and prohibits resistance to peace officers. The first clause of the article has relation to where the officer is undertaking to execute a legal warrant; the second clause applies where the officer is undertaking to arrest without warrant where the law authorizes such arrest. The complaint and information fail to allege whether the arrest was being sought by virtue of a warrant or without a warrant. It does allege that the party sought to be arrested was drunk in a public place, and in the presence of Wolfe, deputy sheriff. We are of opinion that this is not a sufficient allegation in regard to that clause of the statute which authorizes an arrest without a warrant. Wherever an officer undertakes to arrest a citizen it must be in compliance with the authority conferred by the law, otherwise he has no right to make the

arrest. If it is under and by virtue of a warrant, this matter must be sufficiently pleaded to show his authority and that it is legal, and the fact must be stated, and sufficient facts also to show that the offense was one in which he was authorized to arrest by the terms of the law when he was not armed with a warrant. We are of opinion that the affidavit and information are not sufficient.

Because the information and complaint are not sufficient, the judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.