JOE GILL V. THE STATE.

No. 19359.   Delivered April 20, 1938.

The opinion states the case.

*Fred Erisman*, of Longview, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of burglary; his punishment was assessed at confinement in the State Penitentiary for a term of eight years.

The testimony, briefly stated, shows that on the night of March 24, 1937, L. C. Morrison's store at Three Rivers in Live

Oak County was broken into and a quantity of goods taken; a safe was also blown open and $160 in money taken. About two days prior to the commission of the burglary, policemen of the city of San Antonio were posted to watch a house occupied by Chester Willoughby on Olmos Drive. Their purpose was to apprehend one Aydelott, recently escaped from jail at Uvalde. On the morning of March 25, at about seven o'clock A. M., the officers of the city of San Antonio were notified of the burglary at Three Rivers. About ten A. M. on the same day, appellant was seen to leave the house of Willoughby in a Ford automobile which had been in the garage at said house during the entire night. At eleven or eleven-thirty A. M., appellant returned to the home of Willoughby. The officers, who were watching from a house across the street, saw Willoughby place several suitcases in said automobile and shortly thereafter Willoughby and appellant got into the car and drove away. The officers reported the matter to the Public Safety Department at Austin, giving a description and the license number of the car. About noon or a little later, the Austin officers observed the car in question, arrested appellant and Willoughby and searched the car. In suitcases, they found a quantity of merchandise, which was identified as that taken from the store burglarized on the previous night. They also found in a sack, tools such as are commonly used by burglars. In Willoughby's coat pocket, they found a bottle of nitroglycerine. Appellant, Willoughby, and Lonnie Aydelott were jointly indicted for said burglary, but a severance was had and appellant separately tried. At his trial he did not testify or offer any affirmative defense.

By bills of exception numbers one to five, inclusive, appellant complains of the action of the trial court in permitting the State to prove by the officers their findings as a result of appellant's arrest without a warrant and the search of his car. His objection was that the arrest was illegal and the contemporaneous search of his car also illegal.

Article 212, C. C. P., provides as follows: "A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.'"

Article 213, C. C. P., provides: "A peace officer may arrest, without warrant, when a felony or breach of the peace has been committed in the presence or within the view of a magistrate, and such magistrate verbally orders the arrest of the offender."

Article 215, C. C. P., provides: "Where it is shown by satisfactory proof to a peace officer, upon the representation of a

credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

Article 727a, C. C. P., provides: "No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution of the United States of America, shall be admitted in evidence against the accused on trial of any criminal case."

Section 9, Article 1, of the Constitution of this State, provides: "The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches," etc.

In the case under consideration, there is no testimony showing that appellant was seen at Three Rivers at any time prior to, during, or after the commission of the offense; nor is there any testimony showing that the officers had been informed by a credible person that appellant had committed or was connected with the commission of said offense. There is no testimony that appellant had committed a felony or a breach of the peace in the presence of or within the view of either officers or magistrate and that such magistrate verbally ordered appellant's arrest; nor is there testimony from any source that it was shown by satisfactory proof to any peace officer upon the representation of a credible person that a felony had been committed and the party was about to escape so that there was no time to procure a warrant. All that can be gathered from the testimony is that the officers had a suspicion that appellant, Willoughby and Aydelott might have committed the offense, and that their suspicion subsequently proved to be correct.

Mere suspicion, however, will not authorize an officer to arrest, without the procurance of a warrant; nor will it authorize him to search the premises and possessions of the suspect. The fact that the party arrested or sought to be arrested without a warrant may justly have been suspected of a felony is not sufficient grounds to justify the arrest unless the officer brings himself within some of the rules laid down authorizing such an arrest without warrant.

Article 215, C. C. P., supra, authorizes the arrest of an offender without a warrant when the offense is committed in the presence of, or within the view of the peace officer; or where it is shown by satisfactory proof to a peace officer upon the representation of a credible person that a felony has been committed and the offender about to escape. This Court has held that, under this Article, not only the fact that a felony

has been committed, but the identity of the accused as well must be disclosed to the officer. See Morris v. Kasling, 15 S. W. 226; Cortez v. State, 83 S. W. 814.

In the case of Rippy v. State, 53 S. W. (2d) 619, this Court, speaking through Judge HAWKINS, said: "It is not necessary to discuss whether circumstances discovered by a peace officer himself, and which lead him to believe that a party has committed a felony, may be substituted for the provisions of the statute which says that the information must reach the officer upon representations of a credible person."

See, also, Buchanan v. State, 74 S. W. (2d) 1022; Sims v. State, 45 S. W. (2d) 579.

Regarding the arrest of appellant, officers Hammett and Wells, who made the arrest, testified in substance that Mr. Phares, of the State Highway Patrol, advised them that he had been requested over the telephone by Mr. Rohatsch of San Antonio to pick up a Ford V-8 automobile, giving the license number of said car. That acting upon said order, they, upon observing said automobile coming into the city of Austin, leveled a shotgun at the driver and commanded him to stop. They placed appellant and Willoughby under arrest, searched the automobile and found the goods alleged to have been taken from the burglarized store at Three Rivers.

Under the circumstances as disclosed by the record, the arrest of appellant and the contemporaneous search of his automobile was unauthorized by law. Therefore under Article 727a, C. C. P., the testimony objected to was not admissible against him.

We deem it unnecessary to enter upon a discussion of the other matters herein complained of as they might not occur upon another trial.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.