## JACK MITCHELL V. THE STATE.

No. 21252. Delivered November 13, 1940.

The opinion states the case.

*Penn J. Jackson,* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is opposing the arrest of another for a misdemeanor; the punishment, a fine of twenty-five dollars.

The prosecution proceeded under Article 339, P. C., which reads as follows:

"If any person shall willfully oppose or resist an officer in executing or attempting to execute any lawful warrant for the arrest of another person in a misdemeanor case, or in arresting or attempting to arrest any person without a warrant, where the law authorizes or requires the arrest to be made without a warrant, he shall be fined not less than twenty-five nor more than five hundred dollars, and if arms be used, be fined not less than fifty nor more than one thousand dollars."

It is averred in the complaint and information, in substance, that appellant opposed the sheriff in his effort to arrest Ed Mitchell. It is further alleged in the complaint and information that at the time the sheriff attempted to make the arrest Ed Mitchell was drunk in a public place. It is not averred whether the officer was armed with a warrant or whether he was attempting to make the arrest without a warrant. We quote from Harless v. State, 109 S. W. 934, as follows: "Wherever an officer undertakes an arrest of a citizen, it must be in compliance with the authority, confided by the law; otherwise, he has no right to make the arrest. If it is under and by virtue of a warrant, this matter must be sufficiently pleaded to show his authority and that it is legal, and the fact must be stated, and sufficient facts, also, to show that the offense was one in which he was authorized to arrest by the terms of the law when he was not armed with a warrant."

It is manifest, under the holding in Harless' Case, that the complaint and information are insufficient.

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.