W. C. TIMBERLAKE V. THE STATE.

No. 23627. Delivered April 30, 1947.

*Charles Owen* and *Stanley Caufield,* both of El Paso, and *Henry Bishop,* of Fort Worth, for appellant.

*Roy D. Jackson,* District Attorney, and *Gill L. Newsom,* Assistant District Attorney, both of El Paso, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Burglary is the offense; the punishment, eight years' confinement in the State penitentiary.

Early on the morning of April 14, 1946, the Blue Grill Cafe in El Paso was burglarized. Among other things, a safe weighing about six hundred pounds, containing several hundred dollars in money and checks, was taken from the building. Marble machines and a music-box in the building had been broken open and the money taken. The burglary was discovered the same morning, some four or five hours thereafter. Officers were notified and immediately began an investigation.

Without detailing the facts, it is sufficient to say that the officers found evidence sufficient to show that the safe had been loaded into an automobile near a door of the building. Clear imprints of the four tires on the automobile were on the ground. Photographs, as well as plaster casts, of these imprints were taken and preserved, by and through which the officers became familiar with the tire prints. The officers were alerted to find an automobile with the same kind of tires and in the same sequence on the wheels and to search for the stolen safe. Shortly thereafter, Officer Lovelace and two others, while driving past a filling station, saw an automobile parked there that had a tire on the right wheel which corresponded to the same wheel on the car that made the tracks at the scene of the burglary. They stopped and, upon further investigation, saw that all the tires on the car corresponded with the tracks at the scene of the burglary. This car belonged to appellant, who was in the act of attempting to get into the car and drive away when the officers arrested him. Officer Lovelace knew that the car belonged to appellant. Following appellant's arrest, he, as also the automobile, was searched. Incriminative evidence was found upon appellant's person and also in the car.

It would serve no useful purpose, here, to detail the testimony obtained as a result of the search. The State's case depends thereon. All parties agree that, if the testimony showing the result of the respective searches was not admissible, the State's case fails.

By proper bills of exception, appellant objected to the evidence obtained as a result of the search of his person and automobile as being illegal and obtained in violation of constitutional guarantees. The officers had no warrant for appellant's arrest or warrant to search the automobile at the time.

It is the position of the State that, under the provisions of Art. 215, C. C. P., the officers were authorized to arrest appellant without a warrant and that such arrest carried with it the right to search his person as well as the automobile.

Art. 215, C. C. P. reads:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

A lawful arrest, under the circumstances mentioned, would authorize the search of appellant's person and automobile. So then, the question before us turns upon the legality of the arrest.

It must be remembered that the legality of the arrest and subsequent search is determined by the facts existing and known by the officers at the time of the arrest. Facts found after the arrest, or as a result of the search, cannot be utilized to authorize the arrest or search. Adams v. State, 137 Tex. Cr. R. 43, 128 S. W. (2d) 41; Nowlin v. State, 68 S. W. (2d) 496, 125 Tex. Cr. R. 390.

The facts heretofore stated are all the facts upon which the State relies to authorize the arrest.

The most favorable construction that may be given thereto is that at the time of appellant's arrest the officers knew that a burglary had been committed; that an automobile had been used in effecting that crime and carrying away the stolen property; that the automobile which appellant owned and was in the act of or attempting to drive from the filling station was that automobile.

It will be noted that there is nothing to show that appellant was the operator of the automobile at the time or that he was present when it was driven to or away from the scene of the burglary, or that he in any manner personally participated in the commission of the burglary.

Art. 215, C. C. P. authorized the arrest without warrant of one who has committed a felony and is about to escape. It relates to the person—that is, the offender—and it is the offender who has committed the felony.

Finally, then, if appellant's arrest was authorized in this case, it was because of the fact that his automobile was used in the burglary and some hours thereafter he was found in possession of that automobile and preparing to drive it away.

378

We cannot agree that this constituted "satisfactory proof", as used in Art. 215, C. C. P., that he was a participant in or criminally connected with the burglary. The view expressed finds support in the cases of Gill v. State, 134 Tex. Cr. R. 363, 115 S. W. (2d) 923; Vinson v. State, 138 Tex. Cr. R. 557, 137 S. W. (2d) 1048; Byrom v. State, 132 Tex. Cr. R. 435, 104 S. W. (2d) 870; Gonzales v. State, 187 S. W. (2d) 910.

Appellant's arrest being unauthorized, the evidence obtained as a result of a search of his person and automobile was inadmissible—which requires a reversal of the conviction.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.