FLOYD BURTON V. STATE.

No. 24165. November 24, 1948.

Hon. Joe B. Brown, Judge Presiding.

*J. P. Moseley,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of corporeal personal property over the value of Five Dollars and under the value of Fifty Dollars. The punishment assessed is confinement in the county jail for a period of 60 days.

The record reflects that at the time of the commission of the alleged offense appellant was employed as a porter by the Pullman Company; that on the night in question, while appellant was on his way home, walking East on Camp Street and carrying a large canvas bag on his shoulder, a city policeman stopped him and inquired of him where he was going and where he had come from. Appellant told him that he was going home. The policeman arrested him without a warrant and searched his canvas bag without a search warrant. The search revealed that the bag contained linens belonging to the Pullman Company which were of the aggregate value of $21.50.

Appellant has a number of bills of exception in the record, some of which need not be discussed in view of the disposition we are making of this case. His most serious complaint is that the trial court erred in admitting in evidence over his timely objection the testimony of the arresting and searching officer as to what he discovered by the search of the bag which appellant was carrying at the time of his arrest. He based his objection on the ground that the officer had neither a warrant of arrest nor a search warrant, and appellant had not committed

a felony or a breach of the peace within the presence or view of the officer. We think this objection should have been sustained since it appears that the officer arrested appellant on suspicion with the view of searching the bag and ascertaining what it contained.

The arrest of a person on suspicion without a warrant and a search of his person or his premises without a search warrant are not authorized by Arts. 212, 213, and 325, C. C. P. An officer is only authorized to arrest a person without a warrant when the person has committed a felony or a breach of the peace within the presence or view of the officer or some magistrate who orders the arrest of the party having committed the offense, or to prevent the consequence of theft by seizing any peresonal property which has been stolen. To justify such a seizure, however, there must be reasonable grounds to suppose the property to be stolen. See Art. 325, C. C. P. In the instant case, there is no evidence which authorized the arrest under this article. See also Adams v. State, 137 Tex. Cr. R. 43 (128 S. W. (2d) 41); Gill v. State, 134 Tex. Cr. R. 363 (115 S. W. (2d) 923); Vinson v. State, 138 Tex. Cr. R. 557 (137 S. W. (2d) 1048); Weeks v. State, 132 Tex. Cr. R. 524 (106 S. W. (2d) 275).

Having reached the conclusion that the arrest of appellant and the search of his canvas bag were illegal and the evidence obtained as a result of the search not admissible under Art. 727a, C. C. P., the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.