IGNACIO PALACIO V. STATE

No. 27,783. November 9, 1955

*Reynold M. Gardner*, Amarillo, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, 5 years.

Deputy Sheriffs Ball and Jackson testified that, while on patrol in the colored section of the city on the night in question, they observed an automobile driven by what appeared to be a white man or a Latin-American come to a halt at a bus stop and the driver beckon to a colored girl who was standing there; that as they drove the police car alongside him the appellant drove away. They stated that they interrogated the colored girl, learned that the appellant had asked her to go for a ride, and then overtook the appellant, arrested him, later searched his automobile, and found the marijuana which forms the basis of this prosecution.

As to their reason for arresting the appellant, we will quote from the testimony of the two officers.

Officer Ball:

"Q. Well, then why did you arrest him? A. Well, because as a general rule we don't permit any other race to be down there at that time of night for what appears to be for pleasure purposes.

\* \* \* \*

"A. Well, first because he was there at that hour, and second because he was talking to this girl.

"Q. And you ran him down and arrested him because he was Spanish, or a white man, and down there at that hour talking to this colored girl? A. We thought he was there for immoral purposes.

"Q. And that is the reason you arrested him? A. Yes sir."

Officer Jackson:

"Q. But you ran him down and caught him because of the conversation you had with the girl? A. Yes sir.

\* \* \* \*

"Q. Was that the only reason you arrested this defendant? A. No sir.

"Q. What other reason did you have for arresting this defendant? A. Because we knew him."

Jackson further testified that he had heard a number of times that the appellant was engaged in the marijuana traffic.

Appellant questions the admissibility of the testimony concerning the fruits of the search on the grounds that the officers were without probable cause to authorize the arrest and were without a warrant for his arrest.

The appellant was doing nothing prior to his arrest to indicate that he was as that time engaged in the narcotic traffic, nor did the officers see him violate any law which would authorize them to arrest him without a warrant. The officers' testimony quoted above shows the reason they arrested the appellant, and such is not a valid reason under the law to authorize an arrest.

There is this additional testimony relating to probable cause which we do not deem sufficient but which we will here set forth. Officer Ball, when being questioned about the girl, answered: "Well we asked her, since it appeared that the man was intoxicated . . . " If the witness had reasons for saying it so appeared, he should have given them.

Ball further testified that after arresting the appellant they drove his automobile several blocks to a garage, where they searched it; that while the search was in progress the appellant "made a break as though he wanted to run."

Officer Jackson testified that he had heard a number of times that the appellant was selling marijuana but did not know the names of the people who had told him. He stated that he had reason to believe and did believe that the appellant had marijuana in his automobile at the time of the arrest, but such conclusion stands unsupported by any testimony except that after they got to the garage the appellant told the officers that his automobile had been stolen a few minutes before but that he had not reported it and that as they searched the automobile the appellant "opened the door and started around the car and I got out and grabbed him."

These facts, we have concluded, were not sufficient to authorize the arrest and search under Section 15 of Article 725b, nor do they bring this case within the rule announced in Sutton v. State, 157 Texas Cr. R. 216, 247 S.W. 2d 894.

Because of the error of the trial court in overruling appellant's objection to the fruits of the search of appellant's automobile, the judgment is reversed and the cause remanded.

WOODLEY, Judge, (dissenting).

The testimony of the officer to the effect that when he made the search he had good reason to believe and did believe that appellant had marijuana in his car, together with the other facts stated in the majority opinion were before the trial judge when he ruled that the evidence obtained as a result of the search was admissible.

Under the facts before us, the finding of the trial judge that the officer had reason for his belief that there was marijuana in the car should not be overturned.

I respectfully enter my dissent.