## ROSIE GIACONA V. STATE

No. 28,620. January 9, 1957.
State's Motion for Rehearing Overruled
(Without Written Opinion) February 27, 1957.

*Tom Sanders* and *Joe J. Newman,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is the possession of marijuana; the punishment, ten years in the penitentiary.

A member of the narcotics division of the police department of the city of Houston had information that Pete Giacona was in a certain automobile at a "drive-inn" lot in the city of Houston and that he had two cans of marijuana in his possession. Accompanied by other peace officers, the narcotics agent went to the drive-in lot in search of the car which had been described to him. No such car was there, at that time. The officers waited, and later saw Pete Giacona drive into the lot. His wife, the appellant, was with him in the car. The officer who was in charge signalled over radio to other officers and all converged upon the car. Both Pete Giacona and appellant were arrested and taken from the car.

Two cans of marijuana were found upon the person of Pete Giacona.

The arresting officer saw a small brown paper bag in appellant's hand. Upon her refusal to surrender the bag to the officer, it was forcibly taken from her. In the bag was found a "flowering top and bud of a marijuana plant."

It is for the possession of this content of the bag that appellant stands here convicted.

The legality of appellant's arrest and the taking of the bag from her person is challenged.

The right to arrest appellant and to take the brown sack from her depends upon her acts and conduct.

The facts do not show that she was engaged in any act which would authorize her arrest by the officers without a warrant. Art. 212, C.C.P. The arrest was therefore illegal, and the evidence obtained as a result of that illegal arrest was not admissible. Thomas v. State, 163 Texas Cr. Rep. 68, 288 S.W. 2d 791; Palacio v. State, 162 Texas Cr. Rep. 194, 283 S.W. 2d 765.

We are not here concerned with the question as to whether probable cause existed to warrant the search of the automobile of Pete Giacona, because no marijuana was found as a result of any search of the car. So, the right to search the automobile is not before us.

The right to arrest appellant without a warrant could not be justified, because of any right to search the automobile under that provision of Art. 725b, Vernon's P.C., which authorizes searches of vehicles for narcotic drugs.

The other provisions of said Art. 725b, Vernon's P.C., cannot be utilized to authorize the arrest of the appellant, for to do so would render the statute void in that the arrest of a person upon pure supposition or belief is in violation of both state and federal constitutional guarantees of freedom from unreasonable arrest.

An arrest without warrant cannot be predicated upon mere suspicion or belief. Gill v. State, 134 Texas Cr. Rep. 363, 115 S.W. 2d 923; Burton v. State, 152 Texas Cr. Rep. 444, 215 S.W. 2d 180; Moore v. State, 107 Texas Cr. Rep. 24, 294 S.W. 550.

The right to arrest without warrant is conferred and con-

trolled in this state only by statute, which must be construed in subordination to the constitutional guarantees against unreasonable seizure. Lacy v. State, 7 Texas App. 403; Harless v. State, 53 Texas Cr. Rep. 319, 109 S.W. 934; Mitchell v. State, 140 Texas Cr. Rep. 260, 144 S.W. 2d 551; and Art. 212, C.C.P.

If Art. 725b, Vernon's P.C., be construed as authorizing an arrest without warrant upon mere suspicion or belief, such would require that the cases cited be overruled and the rule announced thereby be abolished.

Moreover, it must be remembered that the right to arrest without warrant must be determined by the facts existing at the time of the arrest, and facts found as a result of the arrest cannot be utilized to authorize the arrest in the first instance. Tarwater v. State, 160 Texas Cr. Rep. 59, 267 S.W. 2d 410, 160 Texas Cr. Rep. 59; Stewart, et al, v. State, 244 S.W. 2d 688; Timberlake v. State, 150 Texas Cr. Rep. 375, 201 S.W. 2d 647.

Art. 725b, Vernon's P.C., does not authorize appellant's arrest without warrant and proof of the contents of the sack forcibly taken from her in the unlawful arrest.

Because of the receipt of the inadmissible evidence, the judgment is reversed and the cause is remanded.

WOODLEY, Judge, dissenting.

Upon appellant's request the jury was retired when the state sought to introduce evidence relating to the search, and, in the absence of the jury, the court heard the testimony of Officer N. Free and concluded that the evidence was admissible.

Free testified that he received information about 7:30 P.M. "from a citizen" who stated "that there was a subject on the Snak-N-Pak lot with approximately two cans of marijuana; named this subject as Pete Giacona, gave us the license number and description of the car, the car being a 1951 Blue Ford, License Number MS 4737."

Officer Free was working under cover and not wanting to be revealed at the time, called officers Rogers and Miller and requested them to go to said drive-in at 6600 Main and attempt to arrest the subject.

Free and his partner, Officer Tucker, parked their car across the street, and saw Officers Rogers and Miller drive on to the lot.

The 1951 Blue Ford was not there at the drive-in, but arrived about 8:20 P.M. and when it did Officer Free advised Rogers and Miller by radio that it was the car that had two cans of marijuana in it.

The testimony offered by the state shows that Officer Miller approached the driver's side of the car and took from Pete Giacona two Prince Albert tobacco cans which he had in his belt and which contained marijuana; that Officer Rogers came to the other side of the car and took from the hand of appellant a paper bag containing marijuana.

The trial court correctly held that the search was on probable cause and admitted the testimony relating to the finding of the two cans of marijuana on the person of Pete Giacona as res gestae.

The record shows that Officers Free and Tucker had been informed less than an hour before the search that the automobile contained marijuana and they acted upon this information. Free testified that he did not think he would have had time to obtain a warrant.

Upon the information received by them the officers, seeing the car which had been described and pointed out to them, had probable cause to believe that there was marijuana in it and that a felony was being committed by the occupants in their presence.

There appears to be no question but that the officers accepted and believed the information conveyed to them for they acted upon such information.

Not only did the officers have probable cause to search the automobile, but the search was authorized by Sec. 15 of Art. 725b, V.A.P.C.

Said article grants to all peace officers who have authority to and are charged with the duty of enforcing the provisions of the Uniform Narcotic Drug Act to enter and examine any vehicle when they have reason to believe and do believe that the vehicle contains a narcotice drug possessed in violation of

said Uniform Narcotic Drug Act; also the statute, in said section, authorizes such an officer to open and examine any box, parcel, package or receptacle in possession of any person which they have reason to believe and do believe contains such a narcotic drug.

That the occupants of the automobile had possession of marihuana is beyond question; that information to that effect was in the hands of Officer Free and was communicated by him to the officers who made the search and arrest is also established.

Under the majority holding these officers, charged with the duty of enforcing the law which makes the possession of a narcotic a felony, were without authority to interfere.

To say that they should have secured a search warrant is no answer for, if the information the officers had did not constitute probable cause authorizing a search without warrant, it did not constitute sufficient grounds upon which to obtain the issuance of a search warrant. Also, Officer Free testified that he did not have time to secure a search warrant.

I cannot agree that no marihuana was found in the car because appellant had the paper bag in her hand and Pete Giacona had the other marihuana in his belt.

The fact that appellant was holding in her hand the paper bag containing a part of the marihuana does not belie the fact that marihuana was in the car. It, on the other hand, is cogent evidence that appellant was not a mere passenger who had no knowledge that there was marihuana in the car.

I cannot agree that because the occupants of a vehicle are holding the receptacle containing the narcotic drug in their hands, or on their persons, the narcotic drug is not in the vehicle.

Nor can I agree that Art. 725b V.A.P.C. restricts the searching officer to that which is in the vehicle, but not on the person or in manual possession of its occupants.