JOE LEE SMITH V. STATE

No. 31,459. February 10, 1960

*Neal Dancer*, Corpus Christi, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully resisting arrest in a misdemeanor case; the punishment, a fine of $500.

The prosecution is under Art. 339, V.A.P.C. which provides in part: "If any person shall willfully oppose or resist an officer in executing or attempting to execute any lawful warrant for the arrest of another person in a misdemeanor case, or in arresting or attempting to arrest any person without a warrant, where the law authorizes or requires the arrest to be made without a warrant, he shall be fined, etc."

The complaint and information alleged in substance that the appellant did unlawfully oppose and resist two duly qualified Game Wardens who were attempting to arrest him for the commission of a misdemeanor offense against the game laws of this state but contained no averment as to whether the arrest was being attempted by the officers by virtue of a warrant or without a warrant.

Under the provisions of Arts. 905 and 978f-3, V.A.P.C. deputy game and fish wardens are authorized to arrest persons either with or without a warrant in enforcing the game laws of this state.

In the early case of Harless v. State, 53 Tex. Cr. Rep. 319, 109 S. W. 934, this court, in holding the state's pleadings insufficient in a similar prosecution for failing to allege whether the arrest was being attempted with or without a warrant said: "Whenever an officer undertakes an arrest of a citizen, it must be in compliance with the authority confided by the law; otherwise, he had no right to make the arrest. If it is under and by virtue of a warrant, this matter must be sufficiently pleaded to show his authority and that it is legal; and the fact must be stated, and sufficient facts also, to show that the offense was one in which he was authorized to arrest by the terms of the law when he was not armed with a warrant." This same holding was followed by the court in Mitchell v. State, 140 Tex. Cr. R. 260, 144 S. W. 2d 551.

Under such holdings the complaint and information in the present case are insufficient.

The judgment is reversed and the prosecution ordered dismissed.

Opinion Approved by the Court.