WANDA LOUISE TUMLIN V. STATE

No. 33,654.  November 1, 1961
Motion for Rehearing Overruled December 6, 1961

MORRISON, Judge, concurred.

*M. Gabriel Nahas, Jr.,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Clyde Bracken, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is unlawfully carrying a pistol; the punishment, a fine of $100.

Police Officer Jack Scott, of Bellaire, saw an automobile parked near a drug store about 3:20 A.M.  Appellant was sitting in the parked car.

As the officer stopped the patrol car he was driving along side of the parked car, a man was walking across the street from the direction of the drug store to the car and got in on the driver's side.  The officer asked him if he was having trouble and he said his car would not start.

Observing that the man started the car without difficulty and drove away, the officer noted the license number and checked the drug store which he had been informed someone had attempted to break into a week or ten days before.  Finding the door facing the street where he had seen the man walking had been pried open, the officer pursued and overtook the automobile, notifying the police dispatcher.

He searched the driver but found nothing in the way of weapons on him. Auxiliary Patrolman Donald Perkinson arrived on the scene after the car was stopped. He testified that when he first saw her, appellant was sitting upright but as he approached she was "ducking down or bending down in some manner." He searched the car and found a .32 caliber pistol under the seat which she occupied. He testified that after the night in question appellant attempted to reclaim the pistol.

We find the evidence sufficient to sustain the conviction.

It is contended that the arrest of appellant was unlawful, and that the search of the automobile as an incident to such unlawful arrest was unlawful and the evidence obtained thereby was inadmissible under Art. 727a V.A.C.C.P.

The search was not made as an incident to the arrest of appellant for the offense of unlawfully carrying on or about her person a pistol, but as an incident to the search of the driver of the automobile in the investigation of the burglary or attempted burglary of the drug store.

The contention that such search was unlawful is overruled. The case of Giacona v. State, 164 Tex. Cr. R. 325, 298 S.W. 2d 587, cited and relied upon by appellant, does not seem to be in point. If so, it is overruled.

The facts stated are sufficient to show probable cause for the search of the automobile.

The judgment is affirmed.

MORRISON, Judge (concurring).

I agree to the affirmance of the conviction but see no necessity in overruling Giacona v. State, supra. In the case at bar, the person of appellant was not searched and so the rule announced in Giacona has no application.