David CIULLA, a minor, b/n/f, etc., Appellant,

v.

The STATE of Texas, Appellee.

No. 15348.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 29, 1968.

Raul A. Gonzalez, Jr., Orville A. Harlan and Richard E. Kammerman, Houston, for appellant.

Carol S. Vance, Dist. Atty., of Harris County, and Joe S. Moss, Asst. Dist. Atty., Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment of the Juvenile Court of Harris County, Texas, adjudging appellant a delinquent child. The question involved is whether marijuana found on the person of appellant was properly admitted into evidence.

The appeal is before us on an agreed statement of facts. On February 6, 1968, at approximately 2:45 a. m., an automobile being driven without lights on a public street in Houston, Texas, was observed by a member of the Houston Police Department. He stopped the car and learned that the driver was David Ciulla. The officer issued a traffic ticket to appellant for driving without a driver's license, and appellant signed the citation acknowledging that he was to appear in Corporation Court on a designated date. The officer searched the car and appellant's person at the scene and did not find anything of significance.

The statement of facts does not reflect that appellant was issued a ticket for driving without lights, or that he was arrested for this offense, or that he was subsequently charged with this offense. However, it states: "Officer Godfrey had some question as to the ownership of automobile so he took appellant to police station where he turned appellant over to the Juvenile Section of the Houston Police Department."

At about 7:45 a. m. Officer Jobe again searched appellant's person while he was still in custody without appellant's consent and without a search warrant. At the trial when the State offered into evidence the fruit of this search, objection was made on the following grounds: (1) the search was not conducted with appellant's consent; (2) the search was not conducted by virtue of a search warrant; (3) the search was not incident to an arrest; (4) the provisions of Art. 15.17 of the Code of Criminal Procedure were not complied with before the search. Appellant's attorney pointed out to the trial court that the search was unreasonable, and to admit fruits thereof would violate appellant's rights under the 4th Amendment to the Constitution of the United States and Art. 38.23 of the Code of Criminal Procedure of the State of Texas.

The objections were overruled and the officer then testified that before the search was made "he had information from an informant that had proved reliable in the past that David Ciulla had possession of marijuana." On the basis of this information he searched appellant and found some

green substance in appellant's front pockets which he placed in an envelope marked for identification, and turned over to Mr. Bob Crawford of the Houston Police Laboratory. The officer then stated that he warned appellant of his constitutional rights as provided in Art. 15.17 of the Code of Criminal Procedure and then took him to a magistrate in the Police Court Building where he was again given the statutory warning.

Mr. Crawford was allowed to testify, over the objections previously mentioned and the additional objection that the search was "too remote to appellant's arrest at 2:45 a. m.," that he analyzed the plant substance and found it to be marijuana and that it weighed 50 milligrams, an amount sufficient to make ¼ of an average cigarette. On the basis of this testimony appellant was found guilty of possession of marijuana and committed to the custody and control of the Texas Youth Council at Austin, Travis County, Texas.

■ The 4th Amendment to the Constitution of the United States provides, *inter alia,* that, "The right of the people to be secure in their persons * * * against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause * * *" The guarantees of this amendment are secured to the people of this country against state action by reason of the "Due Process Clause" of the 14th Amendment to the Constitution of the United States. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

Art. 1, § 9, of the Constitution of the State of Texas, Vernon's Ann.St. contains virtually the same language. By reason of this article the Texas Court of Criminal Appeals has held that mere suspicion will not authorize an officer to arrest without a warrant, or to search the person or premises of a suspect. Gill v. State, 134 Tex.Cr.R. 363, 115 S.W.2d 923 (1938); Burton v. State, 152 Tex.Cr.R. 444, 215 S.W.2d 180 (1948).

■ The 4th Amendment to the Constitution of the United States is enforceable against the states through the 14th Amendment and renders inadmissible in a state court evidence seized in violation of its provisions. Taylor v. State, 421 S.W.2d 403 (Tex.Crim.App.1967).

■ A minor has the same constitutional right to be secure in his person from all unreasonable seizures as has an adult. The 14th Amendment and the Bill of Rights protect minors as well as adults. In re Gault, 387 U.S. 1, 87 S.Ct. 1428 (1967); Continental Casualty Co. v. Miller, 135 S.W. 2d 501 (Waco Civ.App.1940, n. w. h.).

In a number of cases the Texas courts have held, uniformly, that basic principles manifesting due process must be met in juvenile hearings. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217 (1944); In re Fisher, 184 S.W.2d 519 (Amar.Civ.App.1944, n. w. h.); Ballard v. State, 192 S.W.2d 329 (Amar.Civ.App.1946, n. w. h.); Choate v. Texas, 425 S.W.2d 706 (Tex.Civ.App., 1st dist., 1968, n. w. h.); Leach v. State, 428 S.W.2d 817 (Houston Civ.App., 14th dist., 1968, n. w. h.).

■ For many years it has been clear, under Texas decisions, that if an officer sees a person violating a traffic law, he is authorized to arrest him and search his person. Richardson v. State, 163 Tex.Cr.R. 585, 294 S.W.2d 844 (1956); Aaron v. State, 163 Tex.Cr.R. 635, 296 S.W.2d 264, certiorari denied 359 U.S. 919, 79 S.Ct. 599, 3 L.Ed.2d 581; Sumrall v. United States, 382 F.2d 651 (5th Cir. 1967).

The authority to arrest without a warrant for traffic violations is found in Sec. 153, Art. 6701d, Vernon's Ann.C.S. While Art. 14.03, Texas Code of Criminal Procedure, authorizes municipal authorities to establish rules authorizing arrest without warrant under certain circumstances, no ordinances of the City of Houston were introduced into evidence. The legality of the arrest and detention of appellant must be

determined by the applicable provisions of the State law.

Sec. 147, Art. 6701d, V.A.C.S., provides:

"Whenever any person is arrested for any violation of this Act punishable as a misdemeanor, the arrested person shall be immediately taken before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense and is nearest or most accessible with reference to the place where said arrest is made, in any of the following cases:

"1. When a person arrested demands an immediate appearance before a magistrate;

" * * *

"5. In any other event when the person arrested refuses to give his written promise to appear in court as hereinafter provided."

Sec. 148, Art. 6701d, V.A.C.S., provides:

"(a) Whenever a person is arrested for any violation of this Act punishable as a misdemeanor, and such person is not immediately taken before a magistrate as hereinbefore required, the arresting officer shall prepare in duplicate written notice to appear in court containing the name and address of such person, the license number of his vehicle, if any, the offense charged, and the time and place when and where such person shall appear in court. Provided, however, that the offense of speeding shall be the only offense making mandatory the issuance of a written notice to appear in court, and only then if the arrested person gives his written promise to appear in court, by signing in duplicate the written notice prepared by the arresting officer; * * *.

" * * *

"(d) The arrested person in order to secure release as provided in this section, must give his written promise so to appear in court by signing in duplicate the writ-

ten notice prepared by the arresting officer. The original of said notice shall be retained by said officer and the copy thereof delivered to the person arrested. Thereupon, said officer shall forthwith release the person arrested, from custody."

Appellant was stopped because he was driving at night without lights. He was issued a traffic ticket for driving without a license. He signed the citation acknowledging that he was to appear in Corporation Court on a designated date. There is no evidence as to the procedure followed with reference to matter of driving without lights. It is appellee's contention that appellant was legally arrested and detained until he could be taken before a magistrate since the officer was not required by law to issue a citation for this offense, and that the subsequent search made while he was lawfully detained was proper. There is no evidence that appellant demanded an immediate appearance before a magistrate.

The parties agreed that the objections to the admission of evidence and the ruling of the court thereon, the exceptions thereto, and the circumstances thereof are contained in the statement of facts.

■ Appellee's contention cannot be sustained. The objections made to the introduction into evidence of the results of the second search required that the State produce evidence sufficient to satisfy the court that the search was made under the authority of a search warrant, valid on its face, or to show by evidence, as a condition precedent to the admission of the marijuana, that such evidence was lawfully obtained. Lee v. State, 167 Tex.Cr.R. 608, 322 S.W. 2d 260 (1958); Brown v. State, 166 Tex.Cr. R. 322, 313 S.W.2d 297 (1958); Gomez v. State, 163 Tex.Cr.R. 469, 293 S.W.2d 657 (1956); Sampson v. State, 160 Tex.Cr.R. 302, 268 S.W.2d 661 (1953).

■ In the absence of evidence that appellant refused to sign a citation to appear or failed to demand that he be taken

immediately before a magistrate, the failure of the police to take appellant before a magistrate immediately renders the detention of appellant illegal under the circumstances of this case. It is the clear import of the Texas Statutes quoted heretofore that one who is arrested for a traffic violation be taken immediately before a magistrate on demand or be permitted to sign the citation permitted by law, and thereupon to be released, except in the cases of violations specifically excepted by the language of Sec. 147. Heath v. Boyd, 141 Tex. 569, 175 S.W. 2d 214 (Tex.Sup.1943).

In this case the arresting officer testified that he took appellant to the station because he had some question as to the ownership of the automobile he was driving. The subsequent search, some five hours after the original arrest for driving without lights, can hardly be justified as incident to the arrest for a traffic offense. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; Rippy v. State, 122 Tex.Cr. R. 101, 53 S.W.2d 619 (1932). The justification for the exception to the rule that a search warrant is required before an officer can search the person of one lawfully arrested is usually stated to be the need for protection of the arresting officer and for the prevention of an escape. Taylor v. State, 421 S.W.2d 403 (Tex.Crim.App. 1967); Amador-Gonzalez v. United States, 391 F.2d 308 (5th Cir. 1968).

In the Taylor case the court points out:

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence. See Goodwin v. United States, 121 U.S.App.D.C. 9, 347 F.2d 793; Busby v. United States, 9 Cir., 296 F.2d 328; Riggins v. United States, D.C., 255 F.Supp. 777; United States v. Barnett, D.C., 258 F.Supp. 455; United States v. Clark, D.C., 247 F.Supp. 958. Under these circumstances, neither the arrest nor the search is tied to the traffic charge, but rather to the violation later discovered. Brown v. United States, 125 U.S.App.D.C. 43, 365 F.2d 976; United States v. One Cadillac Hardtop, D.C., 224 F.Supp. 210. This is true even if no specific statement of fact of the second arrest is made. Brown v. United States, supra."

There is also authority that an arrest is unlawful if it is a mere subterfuge or pretense for the real purpose of making a search without a warrant. Pruitt v. State, 389 S.W.2d 475 (Tex.Crim.App.1968); Cox v. State, 181 Tenn. 344, 181 S.W.2d 338, 154 A.L.R. 809 (1944).

■ In this case it might well be considered that appellant was under arrest on suspicion of car theft by reason of the statement made by the officer referred to above. It is well settled, however, that an arrest without warrant is not lawful unless there is probable cause to believe that the one arrested committed a felony, or an offense against the public peace. In Heath v. Boyd, supra, the Supreme Court of Texas construed Vernon's Ann.C.C.P.1925, Art. 212 (now Art. 14.01, V.A.C.C.P.), saying: " * * * The statute says an offender may be arrested for an offense committed. That language clearly implies that all the elements necessary to be proved to sustain a conviction of the accused must exist to give a peace officer the authority to arrest him without warrant * * * "

Here the officer might contend that the detention of appellant was justified by Art. 18.22, V.A.C.C.P. In Adams v. State, 137 Tex.Cr.R. 43, 128 S.W.2d 41 (1939), in dis-

cussing the identical article in the 1925 Code, said: "* * * It is not the result of the search which determines the legality of the arrest and the search contemporaneous therewith, but the right to arrest and search under said Art. 325 must depend upon whether the party exercising such right had beforehand 'reasonable grounds to suppose' —or 'probable cause to believe'—that the property seized had been stolen and that the party arrested was the thief. In order to furnish such 'reasonable grounds' or 'probable cause' said party must have information or knowledge amounting to more than mere suspicion. * * *"

■ On the limited evidence concerning the circumstances of this arrest, considering the statement of the officer, it cannot be said that he acted on information or knowledge amounting to more than mere suspicion. See Allen v. State, 201 S.W.2d 646 (Tex.Crim.App.1947); Sims v. State, 119 Tex.Cr.R. 83, 45 S.W.2d 579 (1932); Ker v. State of California, 374 U.S. 33, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

Since the detention of appellant was illegal, the subsequent search resulting in the discovery of the marijuana can only be justified if under all the circumstances it was reasonable, and, therefore, not in violation of the 4th Amendment to the Constitution of the United States, or of Art. 1, Sec. 9, of the Constitution of Texas. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

■ The information on which the officer acted in making the search would not have been sufficient to authorize the issuance of a search warrant. The officer had no personal knowledge of facts leading to a reasonable belief that appellant had in his possession marijuana. He did not testify, nor did the informant, as to any of the "underlying circumstances" from which the informant concluded that appellant had

marijuana in his possession, and probably could not have done so consistent with the rules of evidence. He did not testify to the facts from which he concluded that the informant was credible or his information reliable. Aguilar v. State of Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

In Beck v. State of Ohio, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964), the Supreme Court said:

"An arrest without a warrant bypasses the safeguards provided by an objective predetermination of probable cause, and substitutes instead the far less reliable procedure of an after-the-event justification for the arrest or search, too likely to be subtly influenced by the familiar shortcomings of hindsight judgment. 'Whether or not the requirements of reliability and particularity of the information on which an officer may act are more stringent where an arrest warrant is absent, they surely cannot be less stringent than where an arrest warrant is obtained. Otherwise, a principal incentive now existing for the procurement of arrest warrants would be destroyed.' Wong Sun v. United States, 371 U.S. 471, 479–480, 83 S.Ct. 407, 413, 9 L.Ed.2d 441."

Appellant was not in lawful custody at the time of the search. The search was not incident to the arrest, was remote in time and place, and was not shown to have been based on probable cause to believe that appellant had possession of marijuana. The search, therefore, violated appellant's constitutional rights, and the Trial Court erred in admitting the evidence acquired thereby. Gill v. State, 134 Tex.Cr.R. 363, 115 S.W. 2d 923 (1938); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

The judgment of the Trial Court is reversed and the cause is remanded.