**John P. TALBERT, Appellant,**

v.

**STATE of Texas, Appellee.**

**David NOVY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45132, 45133.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Bob Kuhn, Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The original opinion, delivered October 18, 1972, is hereby withdrawn.

Appellants seek relief from a conviction for unlawful possession of marihuana. Trial was before the court, and after a

finding of guilty, punishment was assessed to each appellant at five years, and probation was granted.

Two grounds of error are urged by appellants, but they both concern the legality of the search and seizure in the case.

At approximately 2:00 a. m., on February 22, 1971, Officer Kenneth Mathers of the Austin Police Department was on routine patrol, and noticed the red reflection of possible taillights on a building on the north side of West 30th Street. Mathers then turned onto West 30th and spotted the back end of an automobile that was directly southbound on Salado, south of 30th Street. At that point, a man was seen just getting into the car. The car door closed, and then the automobile slowly drove away. Mathers followed the vehicle, and from a distance of five or six car lengths away was not able to read the license plate number, as the plate appeared dirty or dusty,[1] so he moved up quite close to the car. The record reveals that he then stopped the vehicle, to make sure everything was in order.[2] Mathers approached the car and asked for and received identification from both appellants. He then returned to his police car and asked the radio dispatcher to check warrants on both persons. At this point, another police officer, Pennington, drove up. While still awaiting information from the dispatcher, Mathers walked back toward appellants' car and inquired of them as to why they were in the area. One responded that they were visiting a friend, the other saying that they had stopped so that one of the appellants could relieve himself. Mathers then inquired as to the contents of a large brown paper sack which, partially with the aid of a flashlight, he had seen on the front seat on the passenger's side. One appellant answered, "Dirty clothes," and the other said he didn't know what was in the sack. Mathers stated at this point he could see a plastic, or plastic-like substance sticking out of the top of the sack and could discern a dark, grass-like material inside the plastic bag.

Mathers then asked one of the appellants to remove the sack from the car, which he did. At this point, the two police officers examined closely the contents of the sack, discovering a considerable amount of marihuana. Appellants were arrested and taken into custody.

Appellants' sole contention of error concerns the legality of the search. Appellants allege that since the search was in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Art. I, Sec. 9 of the Texas Constitution, Vernon's Ann.St., the fruits of such search were erroneously admitted into evidence.

In appellants' brief, they correctly state the chief issue in this case: "Perhaps the single most important question before this Court is whether Officer Mathers had the legal authority to stop and question the appellants . . . . " Appellants contend that there was no justification for stopping their car in the first place. Consider the facts. Appellants' automobile was seen between 1:30 and 2:00 a. m., on a weekend night (early morning hours of Monday), stopped in the street in the University of Texas area of Austin. Mathers testified that this was a "high crime area" of Austin. When cross-examined, Mathers stated that he was making such a classification based upon personal experience, and that

---

1. Mathers testified that otherwise, he observed no possible traffic violations. He further testified that he did not stop appellants with the intention of issuing them a citation. See Article 812, Vernon's Ann.P.C., and Article 6701d, Sec. 111(c), Vernons' Ann.Civ.St. No violation of either statute is shown in the instant case.

2. Also, Mathers stated that at the time he turned on his red lights and pulled appellants' vehicle over, he *was* able to read the license plate. However, he testified that at that point, he "had already made up [his] mind that [he] would just stop the car to make sure, well, that it was all right."

he was of the opinion that the entire University area "as far as a section of Austin, Texas, . . . could be classified as a high-crime area." He testified that, in his definition of "high crime area," he was including collisions and violations of the uniform traffic act.

■ We are unwilling to blanket-label such a substantial portion of Austin as a "high crime area" in order to justify the stopping of appellants' automobile. The record reflects that appellants did not appear to be intoxicated or driving unsafely. Nor did they attempt to flee from the police officer. Mathers admitted that he had no intention of issuing a traffic citation.[3]

■ The fact that a considerable amount of marihuana was discovered as a result of the ensuing investigation is of absolutely no consequence. The fruits of an illegal search will not be allowed to be used as the basis for probable cause for the illegal arrest. The legality of an arrest without warrant is determined only by the facts known to the arresting officer at the time of the arrest. Timberlake v. State, 150 Tex.Cr.R. 375, 201 S.W.2d 647 (Tex. Cr.App.1947); Giacona v. State, 164 Tex. Cr.R. 325, 298 S.W.2d 587 (Tex.Cr.App. 1957); Tarwater v. State, 160 Tex.Cr.R. 59, 267 S.W.2d 410 (Tex.Cr.App.1954); Palacio v. State, 162 Tex.Cr.R. 194, 283 S. W.2d 765 (Tex.Cr.App.1955); Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960).

■ The arresting officer's testimony narrows down to the fact that his suspicions were aroused due to the appellants' car being parked on Salado Street at a late hour. As this Court has stated many times, the inarticulate hunch, suspicion, or good faith of an arresting officer is insufficient to constitute probable cause for an arrest, search, or temporary detention. Rios, supra; Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1969); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

■ The facts presented simply do not furnish probable cause to stop and arrest under Article 14.03, Vernon's Ann.C.C.P.,[4] or any other statute. The recent case of Brown v. State, 481 S.W.2d 106 (Tex.Cr. App.1972) is factually much stronger than the instant case, yet was reversed because of a lack of probable cause. In Brown, the facts were these: a robbery was committed at a Dallas supermarket by three armed men who escaped on foot; witnesses to the robbery described these men by race and approximate size; approximately twenty-four hours later, a police officer observed the four defendants riding in an automobile in downtown Dallas; defendants turned and looked toward him as he followed them; the officer first observed defendants at 1:30 a. m.; the street on which they traveled was poorly lighted and sparsely traveled at that time of the morning; and two of the defendants moved their shoulders while looking toward the officer. The officer gave his reason for stopping defendants the fact that they fit the general description of the armed robbers and his conclusion that the two defendants who moved their shoulders were concealing weapons in the rear seat of the car.

To find an absence of probable cause in Brown and then to hold that probable cause does exist in the present case would be wholly inconsistent. Therefore, since we

---

3. It is well settled that when an officer sees a person violating a traffic law, he is authorized to stop him and incident to that arrest to search his person. See Wallace v. State, 467 S.W.2d 608 (Tex. Cr.App.1971).

4. Article 14.03, V.A.C.C.P., states:
"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

**312**

find that probable cause did not exist for the stopping of appellants' automobile, it was reversible error for the trial court to overrule the motion to suppress, and to admit such evidence at trial.

The judgments are reversed and the cause remanded.