BOBBY RAY ANDERSON V. STATE

No. 29,291. November 27, 1957.
Motion to Reinstate Appeal Granted January 22, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 5, 1958.

644

*Wilson F. Walters,* Denison, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three months in jail and a fine of $50.00.

The notice of appeal found in the transcript consists only of an instrument filed with clerk of the court. It is well recognized law in this state that notice of appeal must be given in open court and entered on the minutes of the court. This court has consistently held that a notation on the court's docket is not sufficient. Williams v. State, 272 S.W. 2d 115. We must therefore hold that an instrument merely filed with the clerk is also insufficient.

In the absence of a proper notice of appeal in the record, this court is without jurisdiction to consider the appeal. It is therefore dismissed.

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL

MORRISON, Presiding Judge.

The record has now been perfected, and the case will be considered on its merits.

Officer Whitt of the Denison police testified that on the day in question he received a call from Nick's Tavern in Oklahoma and proceeded to the north edge of the city and waited until he saw an automobile driven by the appellant approach from the north, that he gave chase and noticed that the appellant's automobile was "weaving." He stated that he·pursued the appellant for ten blocks and at the same time radioed for help, that he sounded his siren but the appellant paid no heed, failed to stop at a stop sign, and was finally brought to a halt. He testified that the appellant, who was the driver, had a strong odor of alcohol on his breath, had difficulty in talking and standing, and expressed the opinion that he was intoxicated. The witness .stated that Police Captain Patterson, who had responded to his call for assistance, helped him arrest the appellant and his two companions and place them in jail; that he then returned to the scene of the arrest and drove the appellant's automobile to the police station, where it was searched and a quantity of beer, a hunting knife and aluminum knucks were found therein. He testified that the appellant and his companions cursed the arresting officers and that after being placed in a cell in jail they beat on the bars, yelled and screamed and stuffed the commode full of toilet paper so that the entire jail was flooded until the officer on duty could find out how to cut off the jail's water supply. He also stated, in answer to questions from the appellant's attorney, that when they were in the process of separating the three men, after the water incident, one of the appellant's companions attmpted to fight the officers and an officer struck him in the mouth with his fist.

Captain Patterson testified that he joined in the chase of the automobile driven by the appellant, saw him fail to stop at a stop sign, and when they had brought him to a halt smelled a strong odor of alcohol on appellant's breath, noticed that he was unsteady on his feet, that his eyes were bloodshot, his clothes dishelved, with blood on the front of his clothes, and expressed the opinion that he was intoxicated. Police Sergeant Smith and Deputy Sheriff Hays corroborated the arresting officers' testimony as to the intoxication of the appellant and his companions and as to their conduct at the jail.

The appellant did not testify in his own behalf but called one of his fellow companions who testified that the appellant was not intoxicated on the day in question.

The jury resolved the conflict in the evidence against the appellant, and we find the evidence sufficient to support the con-

viction. The evidence will be stated more fully in a discussion of the contentions advanced in appellant's brief.

Appellant contends that the court erred in swearing and admonishing the witnesses at the beginning of the trial. There are no formal bills in the record, and we cannot consider allegations in the motion for new trial which are not supported by the record before us.

Appellant next contends that the court erred in permitting Officer Whitt to testify that he got a call from Nick's Tavern in Oklahoma. The careful trial court sustained the appellant's objection to the testimony and the state then proved without objection that he received a call and then proceeded to the point where he made contact with the appellant's automobile. Nothing of what was said in the call was admitted in evidence.

Appellant contends that, even though withdrawn from the jury's consideration by the trial court, reversible error is reflected by the testimony of Officer Whitt, "We knew we had a warrant for the defendant." We are at a loss to understand appellant's position in this regard. For all this record reveals, the officer might have secured a warrant for the arrest of the appellant upon the information received in the telephone call from Oklahoma. But if the record had revealed that the warrant stemmed from some other transaction, evidence thereof would have been admissible on the question of the legality of the arrest of the appellant which was challenged. Be that as it may, the trial court withdrew all evidence about the warrant from the jury's consideration. Appellant's own witness stated that the automobile belonged to the appellant, and the fact that the search was made later at the jail would not affect the admissibility of the fruits of the search. McCutcheon v. State, 158 Texas Cr. Rep. 419, 252 S.W. 2d 175, writ denied. 345 U.S. 929, 73 S. Ct. 789, 97 L. ed. 1359.

The delay in making the search would affect the weight but not the admissibility of the evidence.

Appellant relies upon two cases only. In Tarwater v. State, 160 Texas Cr. Rep. 59, 267 S.W. 410, the arresting officer did not see the accused commit any unlawful act in his presence, and the information which he received was not sufficient to authorize the search of the accused's hotel room.

In Palacio v. State, 162 Texas Cr. Rep. 194, 283 S.W. 2d

765, the majority of the court concluded that, since the officers did not see the accused commit any unlawful act, the search on information alone was not warranted.

Neither case can be deemed controlling here.

Finding no reversible error, the judgment of the trial court is affirmed.