322, p. 243; Lightfoot v. State, 117 Tex. Cr.R. 515, 35 S.W.2d 163; Click v. State, 118 Tex.Cr.R. 404, 39 S.W.2d 39; Lera v. State, 138 Tex.Cr.R. 127, 134 S.W.2d 248; Ely v. State, 139 Tex.Cr.R. 520, 141 S.W.2d 626 and Pierson v. State, 145 Tex.Cr.R. 388, 168 S.W.2d 256.

Appellant's oral statement to the officer was in the nature of a confession and was clearly shown to have been made while he was under arrest. The statement was not made in compliance with the confession statute, Art. 727, Vernon's Ann.C.C.P., and was inadmissible as original evidence. Its admission in evidence for the purpose of impeachment, was error and prejudicial to appellant.

We are unable to agree with the State that no reversible error is presented because at the time appellant objected to the testimony it was not shown that he was under arrest when the statement was made and when it was later shown that he was under arrest, appellant did not move the court to withdraw the testimony. An examination of the record reflects that when appellant objected to the testimony the evidence did show that he was under arrest when such statement was made.

Nor do we agree that no error is shown because the record fails to reflect that the statement was not res gestae. The record shows that it was some fifteen minutes after the accident before Officer Evans arrived at the scene. Appellant was thereafter in custody of the officer for an hour at the scene of the collision. It was during this time that appellant, in conversation with the officer, made the incriminating statement to him. Under the record, the statement was not res gestae.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

WOODLEY, Presiding Judge (dissenting).

The fact that appellant was under arrest when he made an oral statement at the scene of the accident would not alone render such statement inadmissible.

In the absence of a showing in the bill that the statement was not admissible as res gestae, reversible error is not shown. Garland v. State, 157 Tex.Cr.R. 4, 246 S.W.2d 204. Reference is also made to the writer's dissent in Lindsey v. State, 353 S.W.2d 444, No. 34,019, and Bates v. State, 167 Tex.Cr.R. 414, 321 S.W.2d 76, there cited.

**Salvador Morales TINAJERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 34314.**

Court of Criminal Appeals of Texas.

Feb. 21, 1962.

L. G. Mathews, Brownsville, for appellant.

F. T. Graham, Crim. Dist. Atty. (County Atty.), Brownsville, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant was convicted for the offense of failure to stop and render aid.

In view of our disposition of the cause, the facts need not be set forth.

An examination of the record reflects the absence of a judgment, as required by Art. 766, Vernon's Annotated Code of Criminal Procedure; a notice of appeal, Gentry v. State, Tex.Cr.App., 273 S.W.2d 419, Anderson v. State, 165 Tex.Cr.R. 643, 310 S.W. 2d 83 and neither a recognizance nor an appeal bond, Alexander v. State, Tex.Cr.App., 272 S.W.2d 100, Griffin v. State, 160 Tex. Cr.R. 478, 272 S.W.2d 526.

For the reasons stated, the appeal is dismissed.