**Bobby Ralph LOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36033.

Court of Criminal Appeals of Texas.

Nov. 13, 1963.

Scott D. Moore, Glenn Hausenfluck, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Albert F. Fick, Jr., Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for robbery, with a prior conviction for an offense of like character alleged for enhancement; the punishment, life imprisonment.

This is a companion case to Lucas v. State, Tex.Cr.App., 368 S.W.2d 605, wherein a judgment of conviction of John Earnest Lucas for the robbery of which appellant stands convicted was affirmed by this court.

The evidence in the two cases shows the robbery of a Safeway store manager in the city of Fort Worth, by three masked bandits, two of whom were armed with pistols.

In the robbery, which occurred around 8:20 o'clock, p. m., two lay-away tickets were taken, together with $2,207 in money. Later in the night, officers went to an apartment at 740 Woodrow Street around nine o'clock, which apartment was located some mile and a half from the scene of the robbery.

While Officer Stewart and his partner were standing at the front door of the apartment, the appellant walked out and was immediately placed under arrest and searched. The sum of $380 in bills was found in his left front pants pocket.

Appellant timely objected to the testimony showing his arrest and search by the officers and to the admission in evidence of the fruits thereof on the ground that such was obtained as a result of an illegal arrest and search, which objection was by the court overruled.

■ Appellant's arrest and search by the officers without a warrant was, under the facts presented, unauthorized and the testimony relative thereto and the money taken from his person should not have been admitted in evidence. Articles 212–215 and 727a, Vernon's Ann.C.C.P.; Gill v. State, 134 Tex.Cr.R. 363, 115 S.W.2d 923; Gonzales v. State, 148 Tex.Cr.R. 401, 187 S.W. 2d 910; Timberlake v. State, 150 Tex.Cr.R. 375, 201 S.W.2d 647; Burton v. State, 152 Tex.Cr.R. 444, 215 S.W.2d 180; and Tarwater v. State, 160 Tex.Cr.R. 59, 267 S.W. 2d 410.

■ We do not agree with the state's contention that the money taken from appellant's person had no incriminating character because it was not identified as part of the robbery proceeds. Nor do we agree with the further contention that no reversible error is presented because appellant's guilt was established by other evidence and the jury was not called upon to assess the punishment.

The evidence showing that $380 in currency was taken from appellant's person shortly after the robbery could have well been utilized by the jury in concluding that he was guilty of the offense charged.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.