**Bobby Ralph LOTT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37383.**

Court of Criminal Appeals of Texas.

Jan. 6, 1965.

Rehearing Denied Feb. 10, 1965.

Walker Brents, Jr., Fort Worth (On Appeal Only), Pete Perez, Fort Worth (On Appeal Only), for appellant.

Doug Crouch, Dist. Atty., Albert F. Fick, Jr., and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for robbery, with a prior conviction for an offense of like character alleged for enhancement; the punishment, life.

On a former appeal of this case, it was reversed on the ground that appellant's arrest and search were unauthorized and the testimony relative thereto should not have been admitted in evidence. Lott v. State, Tex.Civ.App., 372 S.W.2d 325.

The appellant challenges the sufficiency of the evidence to support the conviction.

The evidence in this case and in the former appeal (Lott v. State, supra) and in the companion case of Lucas v. State, Tex. Civ.App., 368 S.W.2d 605, which was affirmed, is substantially the same, excluding testimony concerning money taken from appellant's person at the time of his arrest for this offense.

The pertinent evidence introduced on this trial reveals that three men wearing plastic masks, two of whom were exhibiting pistols and one of whom was carrying a bag, robbed the manager of a grocery store about 8:20 P.M., in Fort Worth. They took $2,207, consisting of pennies, silver coins, bills, and two lay-away purchase tickets.

Within forty minutes after the robbery several officers went to an apartment house. While the officers were inspecting an automobile parked within five or six feet of the apartment building, James Parrot walked around the corner from the rear of the building, in the direction of the car. When Parrot was within four or five feet of the car an officer shined a flashlight in his face and he fled. During his flight and escape, Parrot dropped a large quantity of coins which he was carrying in two (men's) socks. The radiator of the parked car was warm and a one-dollar bill was found in the back seat of the car.

Immediately after Parrot escaped, an officer knocked on the front door of the apartment. The appellant opened the door, and when the officer asked how he was, the appellant replied "not too good." After three or four minutes appellant's wife, and Johnny Lucas and his wife, came out of the apartment. In the bedroom of the apartment the officers found 38 one-dollar bills and two lay-away tickets on the floor, and 200 one-dollar bills, about fifty dollars in coins, some cotton gloves and a piece of rope in a drawer on top of a chest. Behind the chest in a hole used for plumbing inspection purposes, a bag containing money including several rolls of pennies, a .45 caliber pistol, and a plastic mask were found. Two plastic masks were removed from the commode, and several coin wrappers were found in the apartment.

While testifying, the person working as a checker in the store at the time of the robbery identified the appellant as the same person she picked out of five persons at the police station line-up because he had a walk similar to one of the men who committed the robbery.

The two lay-away tickets found in the apartment were positively identified by the store manager as being those he placed in the bag with the money during the robbery. The tickets at the time of the robbery had currency attached to them. The manager further testified that the plastic masks and the pistol found in the apartment, as shown by the evidence, were similar to those used by the robbers; and that coin wrappers found in the apartment were similar to those on some of the coins taken from the store.

Proof was introduced of the prior conviction as alleged and of the identity of appellant as the same person so convicted.

The appellant did not testify but called one witness who testified that he (the witness) and two others committed the robbery here charged and that the appellant was not of them.

The court charged the jury upon the law of principals and circumstantial evidence.

■ The facts and circumstances as shown by the evidence are sufficient to support the conviction.

■ On appeal, the appellant for the first time contends that he was denied due process by the reading to the jury of the allegations of a prior conviction contained in the indictment.

No stipulation as to the prior conviction appears in the record; and no objections were made to the reading to the jury of the allegations of the prior conviction.

Under the record as presented no error is shown. Oler v. State, Tex.Civ.App., 378 S.W.2d 857; Reyes v. State, Tex.Civ.App., 383 S.W.2d 804.

The judgment is affirmed.

Opinion approved by the Court.