**Robert Bruce KELLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–00808–CR**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 16, 1984.

Robert Tarrant, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before EVANS, C.J., and BULLOCK and WARREN, JJ.

## OPINION

BULLOCK, Justice.

A jury found appellant guilty of aggravated robbery and assessed punishment at thirty years confinement and a $10,000.00 fine.

We reverse and remand.

In July, 1981, the Houston Police Department received information from Illinois law enforcement authorities that an informant wished to confess his participation in recent jewelry store robberies in Houston and to assist the police in apprehending the other participants. The informant identified appellant as having organized those robberies. Based on this information, the Houston Police Department investigated appellant and began compiling evidence against him.

Two jewelry store robberies occurred in October, 1981. Houston police investigation traced the robberies to two individuals, Thomas McIlvain and Terry Nelson. Montgomery County law enforcement officers subsequently arrested Nelson on unrelated charges, and Nelson apparently passed on information that appellant would be coming to Houston to meet with McIlvain and Nelson at a local restaurant, possibly to plan another crime. Houston police officers placed the restaurant under surveillance and arrested appellant, McIlvain, and Nelson there. The State's brief notes that the authorities arrested McIlvain and Nelson on arrest warrants and appellant on "probable cause."

The police drove appellant's car to the police compound and conducted a preliminary search of the vehicle, finding luggage in the trunk and the back seat. They obtained a search warrant for luggage found in the car and discovered assorted jewelry in the luggage, which the store manager identified as items taken in the previous robbery.

McIlvain and Nelson testified at trial that appellant planned the robbery during a week long stay at a Houston hotel. It was their testimony that appellant organized the raid and then dispatched McIlvain, Nelson, and one Jimmy Cline to rob the store. Nelson testified that the four checked out of the hotel after the robbery, and that all of them except Cline then returned to Del Rio. Nelson further testified that he later accompanied appellant as appellant attempted to sell the stolen goods.

The hotel manager testified that appellant was a regular guest at that hotel, and hotel records substantiated appellant's presence at the hotel during the week in question.

Nelson's wife testified that the McIlvains and Nelsons had lived with appellant in Del Rio six weeks prior to the robbery, and that during this time appellant and his companions disappeared for a one week period before the robbery, returning to Del Rio later on the same day that the robbery occurred.

Appellant offers seven grounds of error. Following the authority of *Coberly v. State*, 644 S.W.2d 734 (Tex.Crim.App.1983), we need address only appellant's third ground of error in which he asserts that the warrant the police obtained to search the luggage was defective, because it stemmed from an illegal search.

In order for the search warrant to have been valid, it was necessary for the initial, cursory search of the automobile, wherein the police discovered the luggage, to be itself valid; only if the police could legitimately have searched the automobile would they have had the necessary probable cause to obtain a warrant to search the containers.

■ The question presented by appellant is whether the police lawfully arrested appellant prior to conducting the warrantless inventory examination of his automobile, because a search incident to an arrest is valid only if the arrest itself is valid. U.S. Const.Amend. 4; *Beck v. State of Ohio*, 379 U.S. 89, 92–95, 85 S.Ct. 223, 226–227, 13 L.Ed.2d 142 (1964).

■ The fourth amendment of the United States Constitution requires the police to have probable cause to arrest a suspect. *Beck v. State of Ohio, supra.* Appellant has alleged a violation of his constitutional rights, but the record clearly indicates that the police had ample probable cause for the arrest. We hold therefore, that no Federal Constitutional violation exists in this case. However, the laws of this State may impose greater restraints

on police conduct than the Federal Constitution requires. *Milton v. State*, 549 S.W.2d 190, 192 (Tex.Crim.App.1977). Texas statutes exclusively control any right to arrest a suspect without a warrant, and the existence of that right depends on facts existing at the time of the arrest. The police cannot use facts found as a result of the arrest to authorize the arrest itself. *Giacona v. State*, 164 Tex.Cr.R. 325, 298 S.W.2d 587, 589 (1957).

The general rule is that the police must always obtain a warrant whenever possible, and our courts have strictly construed the statutory exceptions allowing warrantless arrests. *Hardison v. State*, 597 S.W.2d 355, 357 (Tex.Crim.App.1980); *Lowery v. State*, 499 S.W.2d 160, 165 (Tex. Crim.App.1973); *Vinson v. State*, 138 Tex. Cr.R. 557, 137 S.W.2d 1048, 1050 (1940); *Huffstutler v. State*, 135 S.W.2d 501, 502 (Tex.Crim.App.1940); *Buchanan v. State*, 127 Tex.Cr.R. 100, 74 S.W.2d 1022, 1024 (1934).

The police may arrest a suspect without a warrant only when:

(a) The suspect commits an offense within view of the police, Tex.Code Crim.Proc. Ann. art. 14.01 (Vernon 1981);

(b) The suspect commits an offense within view of a magistrate, Tex.Code Crim. Proc.Ann. art. 14.02 (Vernon 1981);

(c) The police find the suspect in a suspicious place and under circumstances which reasonably show the suspect to have committed or to be about to commit an offense, Tex.Code Crim.Proc.Ann. art. 14.03(a) (Vernon 1981);

(d) The police have probable cause to believe that the suspect has committed an assault with bodily injury, where there is probable cause to believe that the victim is in immediate danger of further injury, Tex. Code Crim.Proc.Ann. art. 14.03(b) (Vernon 1981); or

(e) Where a credible person has shown the police satisfactory evidence that the suspect has committed a felony and is about to escape, so that there is no time to

secure a warrant, Tex.Code Crim.Proc.Ann. art. 14.04 (Vernon 1981).

We must, therefore, consider the events of appellant's arrest according to these statutory provisions, keeping in mind the strict requirement that the police secure an arrest warrant whenever possible. *Hardison v. State, supra.*

■ We note at the outset that: (1) despite having had appellant under investigation and surveillance since July, 1981; (2) despite having Nelson's information about appellant's involvement in the two robberies since early October, 1981; and (3) despite having prior notice from Nelson that appellant would be at the restaurant on the date in question, the authorities took no steps to secure an arrest warrant for appellant, although they secured warrants recorded for McIlvain and Nelson, whom the police knew in advance would also be present. The State asserts that the arrest was valid for "probable cause", yet a review of the evidence leads us to conclude that the State has failed to establish any valid statutory basis for this warrantless arrest.

The record establishes that the police went to the restaurant on the date in question because they believed that appellant was going to plan a new robbery with his accomplices, or that appellant was going to dispense to his accomplices stolen goods, proceeds from the robberies, or narcotics. There is, however, no evidence presented that appellant performed any action or engaged in any course of behavior while in view of the police that could reasonably constitute an offense. Indeed, we note that the record does not even indicate whether any officers actually observed appellant prior to his arrest; no evidence exists that demonstrates that appellant was in the view of the police at all. Thus, we find that there was no basis for the arrest under art. 14.01, *supra.*

No magistrate was present at the time of the arrest, nor was there any reason for one to be. There is, therefore, no basis for the arrest under art. 14.02, *supra.*

Given Nelson's information to the police that appellant was coming to the restaurant to begin planning another robbery, and that appellant had used similar restaurants as initial contact points in past offenses, it is arguable that this warrantless arrest was valid under art. 14.03(a), because the restaurant, in this situation and with this suspect, constituted a "suspicious place" or "circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws." Tex.Code Crim. Pro.Ann. art. 14.03(a) (Vernon 1981). We disagree with this argument for three reasons.

First, although the police suspected appellant to be present at the restaurant for the purpose of planning a future robbery, they arrested appellant for past offenses. They did not charge him with solicitation, conspiracy, or any offense related to a contemplated future criminal act or attempted criminal act.

Second, we find nothing in the record that relates appellant's presence at the restaurant with the offenses charged. It may be true that appellant began his contact of accomplices and planning of crimes from these named restaurants; nonetheless, there is nothing in the record which links appellant's presence at this restaurant to the two robberies under investigation.

Finally, the State failed to demonstrate or even to explain why, given the police officers' advance knowledge of appellant's whereabouts and movements, they were unable to secure an arrest warrant. To validate this arrest, despite their failure to seek a warrant, would too readily overlook the purpose of warrants; it would raise the permissibility of warrantless arrests under article 14 from "when necessary" to "when convenient."

We hold that there was no basis for the arrest under art. 14.03(a), *supra.*

The offense with which the police charged appellant contains no allegation of an assault with bodily injury to any victim, nor was there any victim or potential victim

present at the restaurant. The record reflects no indication of an immediate threat on appellant's part to anyone. Hence, we find no basis for the arrest under art. 14.-03(b), *supra*.

Only art. 14.04 remains to provide a reasonable basis for this warrantless arrest. McIlvain and Nelson were admittedly credible persons in this situation, given their firsthand knowledge of appellant's activities. Nelson's information through the Montgomery County authorities, taken together with the general police investigation of appellant, gave the police ample probable cause to believe that appellant had committed a felony. However, no evidence exists to support the theory that appellant was about to escape.

■ Under art. 14.04, *supra*, the police must demonstrate both probable cause and circumstances making it impossible for them to secure a warrant. *Vinson v. State, supra; Quilice v. State*, 624 S.W.2d 940, 942 (Tex.App.—San Antonio 1981, no pet.). A showing that a suspect is about to escape is indispensable under art. 14.04. *Hardison v. State*, 597 S.W.2d at 357. Where the police have no reason to believe that the suspect is about to escape, they have no basis for a warrantless arrest. *Lowery v. State, supra*.

The police did not initially anticipate seizing or searching appellant's car; they gave no thought of this until after the arrest. Moreover, we have noted that although the police had appellant under surveillance and under investigation for some time and had acquired warrants for the arrest of his accomplices at the restaurant, for reasons absent from this record they failed to secure a warrant on appellant himself. It is true that the luggage in appellant's car might lead to a conclusion that appellant was attempting to escape, but the police cannot use such fortuitous evidence retrospectively. *Giacona v. State, supra*. We hold that no statutory basis exists to support appellant's warrantless arrest, and we sustain appellant's third ground of error.

■ Regarding appellant's grounds of error alleging sufficiency of the evidence, we hold that there is sufficient evidence to support appellant's conviction.

Nelson's wife testified as to the absence of appellant and his accomplices during the week immediately preceding the robbery. Her testimony of appellant's departure and return to Del Rio corresponds exactly with that given by McIlvain and Nelson at trial. The hotel manager and the hotel records confirm appellant's presence at the hotel during that week. McIlvain and Nelson testified that appellant, in the presence of his three companions, planned the robbery at that time from that location. They further testified that they did rob the jewelry store in accordance with appellant's plans. This evidence, plus the initial investigatory work testified to at trial by police officers, excludes all reasonable inferences except that appellant master-minded the aggravated robbery in question.

We reverse the judgment of the trial court and remand the cause for a new trial.