

# THE ATTORNEY GENERAL
## OF TEXAS

July 16, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Gary E. Kersey
Kerr County Attorney
317 Earl Garrett
Kerrville, Texas    78028

Opinion No.   JM-751

Re:  Constitutionality of certain por-
tions of article 14.03 of the Code of
Criminal Procedure, regarding warrant-
less arrests in certain misdemeanor
cases involving family violence

Dear Mr. Kersey:

You inquire about the constitutionality under the Fourteenth
Amendment of the United States Constitution of portions of article
14.03 of the Texas Code of Criminal Procedure.  Article 14.03 provides
as follows:

> .(a)  Any peace officer may arrest, without
> warrant:
>
> . . . .
>
> (2)  persons who the peace officer has probable
> cause to believe have committed an assault re-
> sulting in bodily injury to another person and the
> peace officer has probable cause to believe that
> there is danger of further bodily injury to that
> person; or
>
> (3)  persons who the peace officer has probable
> cause to believe have committed the offense
> defined by Section 25.08, Penal Code (violation
> of Court Order), whether or not the offense is
> committed in the presence of the peace officer.
>
> (b)  If necessary to verify an allegation of a
> violation of a protective order, a peace officer
> shall follow the procedures established under
> Section 71.18, Family Code, without leaving
> the scene of the investigation if there is a
> possibility of the further commission of family
> violence.  (Emphasis added).

Code Crim. Proc. art. 14.03.  Article 14.03 subsections (a)(2) and
(a)(3) refer to offenses which the Penal Code defines as misdemeanors.
See Penal Code §§22.01; 25.08.

Section 22.01 of the Penal Code, which defines the offense of assault, provides that a person commits an offense if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." Penal Code §22.01(a)(1). Section 25.08(a) of the Penal Code defines as an offense certain knowing or intentional conduct by a person which violates a protective order issued to restrain him from family violence.[1] The actions which constitute offenses under Penal Code section 25.08 if performed in violation of such a court order include committing family violence, communicating directly with a member of the family or household in a threatening or harassing manner, or going to or near the residence or place of employment of a member of the family or household specifically described in the protective order. Penal Code §25.08(a). You question the constitutionality of subsections (a)(2) and (a)(3), of article 14.03 of the Code of Criminal Procedure, which allow a peace officer to make a warrantless arrest of a person who has committed one of the enumerated offenses, even though the offense was not committed in the presence of the peace officer. Compare Code Crim. Proc. art. 14.01 with art. 14.03. You state in your letter that article 14.03(a)(3) of the Code of Criminal Procedure allows a misdemeanor arrest without warrant for an offense committed under section 25.08(a) of the Penal Code even when there is no danger to the party protected by the court order. You suggest that article 14.03 of the Code of Criminal Procedure would allow a warrantless arrest based upon the protected party's report that the order was being violated, since this report would probably be legally sufficient to give the officer probable cause. You do not question the constitutionality of the underlying provision, subsection 25.08(a) of the Penal Code. Your concerns are directed at the arrest procedure which article 14.03 of the Code of Criminal Procedure authorizes when the officer has probable cause to believe that a person has violated section 25.08 of the Penal Code.

You argue that subsections (a)(2) and (a)(3) of article 14.03 are invalid under the Fourth Amendment of the United States Constitution, which is applicable to the states through the Fourteenth Amendment. The Fourth Amendment provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon

---

1. Section 25.08 of the Penal Code has been amended by Senate Bill Nos. 887 and 1111 of the 70th Legislature, effective September 1, 1987. These amendments do not render your questions moot nor do they change our answer.

> probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. 4. Article I, section 9, of the Texas Constitution provides a similar protection against unreasonable searches and seizures.

Subsections (a)(2) and (a)(3) of article 14.03 of the Code of Criminal Procedure depart from the common law rule that a peace officer has no power to arrest for a misdemeanor without a warrant unless it has been committed in his presence or involves a breach of the peace. See, e.g., Crane v. State of Texas, 759 F.2d 412 (5th Cir. 1985). Neither subsection (a)(2) or (a)(3) of article 14.03 rest upon any widely recognized exceptions to this common law rule. See 2 LaFave, Search and Seizure §5.1, at 222-24 (1978).

The common law rule on searches and seizures has provided a starting point for interpreting the Fourth Amendment, but the meaning of this constitutional provision is not controlled by the common law rule. See, e.g., Welsh v. Wisconsin, 466 U.S. 740 (1984); Payton v. New York, 445 U.S. 573, 579-81 (1980); United States v. Watson, 423 U.S. 411, 418 (1976); Carroll v. United States, 267 U.S. 132, 157 (1925); Crane v. State of Texas, 759 F.2d 412 (5th Cir. 1985); Street v. Surdyka, 492 F. 2d 368 (4th Cir. 1974). In Welsh v. Wisconsin, supra, the Supreme Court held that the Fourth Amendment prohibited the warrantless, nighttime entry into an individual's home to arrest him for a noncriminal traffic offense, absent exigent circumstances.

A dissent by Justice White pointed out that the common law requirement "that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest is not grounded in the Fourth Amendment." 466 U.S. at 747. It further noted that the Supreme Court has never held "that a warrant is constitutionally required to arrest for nonfelony offenses occurring out of the officer's presence." Id.

In United States v. Watson, 423 U.S. 411 (1976) the Supreme Court held that the Fourth Amendment permits a law enforcement officer to make a warrantless arrest for a felony offense in a public place, even though he had adequate opportunity to get a warrant. The court relied in part on the fact that the ancient common law rule was codified in the statute authorizing such arrests. 423 U.S. at 418. It also noted that the American Law Institute (ALI) had incorporated the common law standard for felony arrests in its model statute governing warrantless arrests. 423 U.S. at 422, n. 11. The model statute reads as follows:

> (1) Authority to Arrest Without a Warrant. A law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed

> (a)  a felony;
>
> (b)  a misdemeanor, and the officer has reasonable cause to believe that such person
>
> > (i)   will not be apprehended unless immediately arrested; or
> >
> > (ii)  may cause injury to himself or others or damage to property unless immediately arrested; or
>
> (c)  a misdemeanor or petty misdemeanor in the officer's presence. (Emphasis in original).

ALI, Model Code of Pre-arraignment Procedure §120.1 (1975).  The Supreme Court did not comment on subsection (b) of the model code provision, which expands the common law authority for warrantless arrests in misdemeanor cases.  But see Dawson, State-Created Exclusionary Rules in Search and Seizure:  A Study of the Texas Experience, 59 Tex. L. Rev. 191, 221-22 (1981) (U.S. v. Watson makes clear that the sole requirement of the Fourth Amendment respecting arrests in public places is that the officer act upon probable cause).

In Street v. Surdyka, 492 F.2d 368 (4th Cir. 1974), a federal court of appeals presented reasons why the Fourth Amendment does not incorporate common law restrictions on warrantless arrests for misdemeanors:

> [T]he Supreme Court has never given constitutional force to this element of the common law rule.  In Bad Elk v. United States, 177 U.S. 529, 20 S.Ct. 729, 44 L.Ed. 874 (1900), the Court applied the common law rule but hinted that its restrictions could be relaxed by statute.  Subsequent cases have focused entirely on the requirement of probable cause.  See Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).  We do not think the fourth amendment should now be interpreted to prohibit warrantless arrests for misdemeanors committed outside an officer's presence.  The difference between felonies and misdemeanors is no longer as significant as it was at common law. . . . Maryland courts have criticized the continued use of the common law rule as impractical and illogical, and have invited the state legislature to adopt new rules.  Robinson v. State, 4 Md.App. 515, 243 A.2d 870 (1968). . . .  We are most reluctant to adopt a constitutional interpretation

> that would impede reform in this area. The fourth
> amendment protects individuals from unfounded
> arrests by requiring reasonable grounds to believe
> a crime has been committed. (Footnotes omitted).

492 F.2d at 371-72.

A number of states have enacted statutes authorizing peace officers to make warrantless arrests for misdemeanors committed outside their presence. See, e.g., D.C. Code Ann. §23-581; Fla. Stat. §901.15(6) (warrantless arrest if there is probable cause to believe the person has committed an act of domestic violence in violation of injunction); Kan. Code Crim. Proc. §22-2401; Md. Code Ann. §27.594(B); Ohio Code Ann. §2935.03; Wash. Rev. Code Ann. 10.31.100. The courts of some states have dealt with the validity of a warrantless arrest of an individual by a peace officer for a misdemeanor committed outside of his presence. See, e.g., State v. Presley, 458 So.2d 847 (Fla. Dist. Ct. App. 1984) (test for warrantless arrest in misdemeanor is whether the officer has a substantial reason to believe arrestee is guilty of a crime); LeBlanc v. State, 382 So.2d 299 (Fla. 1980) (provision for warrantless arrest for battery committed upon spouse does not violate equal protection clause); Wilson v. Hunk, 367 N.E.2d 478 (Ill. App. Ct. 1977) (warrantless arrest for misdemeanor not committed in officer's presence is not illegal arrest); Lurie v. District Attorney of Kings County, 288 N.Y.S.2d 256 (Sup. Ct. Special Term 1968) (arrest for a misdemeanor not committed in officer's presence violates no state or federal constitutional standard); City of Columbus v. Herrell, 247 N.E.2d 770 (Ohio Ct. App. 1969) (statute authorizing peace officer to arrest without a warrant any person he has reasonable cause to believe is guilty of assault and battery, a misdemeanor, does not violate Fourth Amendment); State v. Bryant, 678 S.W.2d 480 (Tenn. Crim. App. 1984), cert. denied, 469 U.S. 1192 (1985) (the rule that a police officer has no authority to make misdemeanor arrest for offense committed outside his presence is a common law rule and not constitutionally required). In Kelley v. State, 676 S.W.2d 646 (Tex. App. - Houston [1st Dist.] 1984, pet. ref'd) the court determined that a search was invalid because it was made pursuant to an invalid arrest for a felony. The court stated that the Fourth Amendment of the United States Constitution requires the police to have probable cause to arrest a suspect, and since there was probable cause the federal constitution was not violated in this case. 676 S.W.2d at 648. However, since Texas has imposed greater restraints on police conduct than the federal constitution requires, the arrest was invalid because it violated Texas law. The court reviewed statutes authorizing warrantless arrest, including the provision now codified as article 14.03(a)(2) of the Code of Criminal Procedure, but did not comment on its validity. 676 S.W.2d at 649.

Finally, in Gonzales v. City of Peoria, 722 F.2d 468 (9th Cir. 1983), the court determined that Arizona law enforcement officers

could arrest for violations of the Immigration and Nationality Act under the following state provision:

> A peace officer may, without a warrant, arrest a person:
>
>     . . . .
>
>     4.  When he has probable cause to believe a misdemeanor has been committed and probable cause to believe the person to be arrested has committed the offense. . . .

Ariz. Rev. Stat. Ann. §13-3883 (1978).

Thus, there is federal and state case law, as well as legal scholarship, which supports the constitutionality of the arrest provisions you inquire about. We should moreover presume that this legislation is constitutional. See United States v. Watson, supra. We therefore do not believe subsections (a)(2) or (a)(3) of article 14.03 are facially unconstitutional.

Article 14.03 of the Code of Criminal Procedure does not expressly authorize an unconsented entry into a suspect's home to arrest him. A warrantless, unconsented entry into a suspect's home to make a routine felony arrest violates the Fourth Amendment. Payton v. New York, 445 U.S. 573 (1980). The Supreme Court has held that a warrantless nighttime entry into an individual's home to arrest him for a civil, nonjailable traffic offense was, in the absence of exigent circumstances, prohibited by the Fourth Amendment. Welsh v. Wisconsin, 466 U.S. 740 (1984). Although the petitioner's step-daughter opened the door for the police, the trial court did not decide whether there was consent to enter and the Supreme Court assumed there was no valid consent to enter the petitioner's home. 466 U.S. at 743, n.1. In Welsh v. Wisconsin, the Supreme Court stated as follows:

> Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries.

466 U.S. at 750. The court enumerated the few emergency conditions which it has recognized as justifying warrantless searches or arrests: United States v. Santana, 427 U.S. 38, 42-43 (1976) (hot pursuit of a fleeing felon); Schmerber v. California, 384 U.S. 757, 770-71 (1966) (destruction of evidence); Michigan v. Tyler, 436 U.S. 499, 509 (1978) (ongoing fire). Welsh v. Wisconsin, 466 U.S. at 750.

Article 14.03 of the Code of Criminal Procedure cannot be constitutionally applied to effect a warrantless entry to an individual's home to arrest him, unless consent is given to the entry by a person with authority to consent, or exigent circumstances exist. Whether consent is given or exigent circumstances exist must be decided on the facts of each case.

### S U M M A R Y

Subsections (a)(2) and (a)(3) of article 14.03 of the Texas Code of Criminal Procedure, which authorize warrantless arrests of persons who the peace officer has probable cause to believe have committed certain misdemeanors whether or not in the peace officers presence, are not facially unconstitutional. These provisions cannot be used to effect a warrantless entry to an individual's home to arrest him, unless the facts show that consent to the entry has been given or that exigent circumstances exist which justify the entry.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General