Opinion issued August 13, 2009









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00424-CR

____________


ALBERTO CONTRERAS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 1109955






CONCURRING OPINION

 I respectfully concur in the judgment.

 Appellant contends the trial court erred in denying his motion to suppress his
videotaped statement because it was the fruit of an illegal warrantless arrest. The
majority sustains the trial court's ruling on the ground that article 14.03(a)(1) clearly
allows the warrantless arrest. See Tex. Code Crim. Proc. Ann. art. 14.03(a)(1)
(Vernon 2005) (authorizing warrantless arrest of "persons found in suspicious places
and under circumstances which reasonably show that such persons have been guilty
of some felony"). Because justification of the warrantless arrest was neither argued
nor briefed under article 14.03(a)(1), however, I would address the issue under article
14.04, which was argued and briefed by both sides. See Tex. R. App. P. 38.1(h); see
also Tesoro Petroleum Corp. v. Nabors Drilling USA, 106 S.W.3d 118, 128 (Tex.
App.--Houston [1st Dist.] 2002, pet. denied) (stating that Rule 38 requires appellant
to provide reviewing court "with such discussion of the facts and the authorities relied
upon as may be requisite to maintain the point at issue"); but see Neal v. State, 256
S.W.3d 264, 281 (Tex. Crim. App. 2008) (noting that appellate courts sustain trial
court's ruling on motion to suppress if correct under any theory of law). Like the
majority, I would affirm.

Facts

 Reynaldo Canales worked with the complainant, Julio Jimenez, at the
apartment complex where Jimenez lived and worked. On March 27, 2007, the
morning after the night on which Jimenez was robbed and murdered, Canales went
with the apartment manager, Dora Lucio, to console Jimenez's widow at the complex. 
After he left the apartment and was waiting for Lucio in the parking lot, Canales saw
a car pull into the parking lot and two young men, one black and one Hispanic, get
out. These young men were later identified as Joshua Nogess and appellant. Canales
saw them looking underneath cars, between bushes, and around the air-conditioning
unit. He knew that the men who had assaulted Jimenez had lost their gun, and he
believed appellant and Nogess were those men and were looking for it. Canales
called Lucio on his cell phone. When appellant and Nogess noticed that Canales and
Lucio were watching them, they left on foot. Canales stayed in contact with Lucio
and followed appellant and Nogess in his vehicle because they were leaving the area.

 Lucio called Sergeant M. Vana, who was working at a Houston Police
Department storefront at the complex, and Lucio told Vana that she had Canales on
another line and that he was following two suspicious people who had been at the
scene where the crime had been committed the night before and who had been going
through the bushes and looking underneath cars. Sergeant Vana knew that one black
male and one Hispanic had been involved in the aggravated robbery and killing and
had lost a gun. Sergeant Vana believed that appellant and Nogess met that
description and were looking for the murder weapon and were thus tampering with
evidence. In response to the information she received from Lucio, Vana got into her
car and went to a nearby subdivision looking for the suspects. Canales pointed them
out, and Vana informed other officers of the suspects' descriptions and route of
travel.

 HPD Officer T. Stearns, who was on patrol, heard Sergeant Vana's request for
help in locating the suspects. A dispatcher relayed the description of the two suspects
over the radio. Officer Stearns spoke with Sergeant Vana in person and learned the
location of the suspects. He saw two people walking across a grassy area and
followed them from behind, undetected. They attempted to turn away from the road
when they saw patrol cars coming from the opposite direction. As they approached
a gate, they turned, and Officer Stearns ordered them to "freeze." He arrested
appellant and Nogess and transported them back to the HPD storefront at the
apartment complex. Sergeant Vana called the Homicide Division.

Analysis

 Article 14.04 of the Texas Code of Criminal Procedure provides, "Where it is
shown by satisfactory proof to a peace officer, upon the representation of a credible
person, that a felony has been committed, and that the offender is about to escape,
so that there is no time to procure a warrant, such peace officer may, without
warrant, pursue and arrest the accused." Tex. Code Crim. Proc. Ann. art. 14.04
(Vernon 2005). To lawfully arrest someone under this article, "there must be some
evidence amounting to satisfactory proof, either related by a credible person to an
officer or observed by the officer him/herself, indicating that a felony has been
committed, that the person arrested is the offender, and that the person was about to
escape so that there was no time to procure a warrant." Hughes v. State, 24 S.W.3d
833, 838 (Tex. Crim. App. 2000); Kelley v. State, 676 S.W.2d 646, 650 (Tex.
App.--Houston [1st Dist.] 1984, pet. ref'd). 

 "Satisfactory proof" is the legal equivalent of constitutional probable cause. 
Hughes, 24 S.W.3d at 838. Whether probable cause exists at the time of the arrest
or search can only be decided in terms of the concrete factual situation presented by
the case. Lerma v. State, 491 S.W.2d 152, 154 (Tex. Crim. App. 1973); Brown v.
State, 481 S.W.2d 106, 109 (Tex. Crim. App. 1972). Probable cause requires that
the officer have a reasonable belief, based on facts and circumstances within his
personal knowledge, or of which the officer has reasonably trustworthy information,
that an offense has been committed by the person searched or arrested. Torres v.
State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); Guzman v. State, 955 S.W.2d
85, 87 (Tex. Crim. App. 1997). Probable cause requires more evidence than mere
suspicion but far less than that needed to support a conviction or even to support a
finding by a preponderance of the evidence. Guzman, 955 S.W.2d at 87; Hughes,
24 S.W.3d at 838. 

 The test of probable cause for a warrantless arrest made by an officer on the
strength of a request by other law enforcement authorities is the information known
to the requesting authorities. Farmah v. State, 883 S.W.2d 674, 683 (Tex. Crim.
App. 1994). A "credible person" for purposes of this article includes ordinary
citizens relating information of which they have direct knowledge. Esco v. State,
668 S.W.2d 358, 360-61 (Tex. Crim. App. 1982); Salazar v. State, 688 S.W.2d 660,
663 (Tex. App.--Amarillo 1985, no pet.). Information from a credible person that
is placed into a police broadcast after a report of a crime by a victim or witness is
inherently reliable and therefore satisfactory proof that a felony has been committed. 
Carter v. State, 713 S.W.2d 442, 447 (Tex. App.--Fort Worth 1986, pet. ref'd). 
Police broadcasts that are based on probable cause and that report a felony and a
description of the perpetrator satisfy the requirements for a warrantless arrest. 
Farmah, 883 S.W.2d at 683; Law v. State, 574 S.W.2d 82, 84 (Tex. Crim. App.
1978); Goldberg v. State, 95 S.W.3d 345, 362 (Tex. App.--Houston [1st Dist.] 2002,
pet. ref'd). The place where a suspect is found and the direction in which he was
traveling, taken in combination with strongly founded previous suspicion, can also
lead to probable cause to arrest and search him. Woodward v. State, 668 S.W.2d
337, 344-45 (Tex. Crim App. 1982), cert. denied, 469 U.S. 1181 (1985). When
there has been some cooperation between law enforcement agencies or officers, the
sum of the information known to the cooperating agencies or officers at the time of
a search or arrest by any of the officers involved is considered in determining
whether there was probable cause for the search or arrest. Woodward, 668 S.W.2d
at 344; see also Tarpley v. State, 565 S.W.2d 525, 529-30 (Tex. Crim. App. 1978). 

 In support of its argument that article 14.04 allowed appellant's warrantless
arrest, the State contends that police officers had credible reports that appellant and
Nogess were seen committing the felony of "attempted tampering with evidence." 
A person commits this offense if "knowing an investigation or official proceeding
is pending or in progress, he . . . alters, destroys, or conceals any record, document,
or thing with intent to impair its . . . availability as evidence in the . . . official
proceeding," or if he, "knowing that an offense has been committed, alters, destroys,
or conceals any . . . thing with intent to impair its . . . availability as evidence in any
subsequent investigation of or official proceeding related to the offense." Tex.
Penal Code Ann. § 37.09 (Vernon Supp. 2008). An investigation is "pending"
within the meaning of the statute if a person knows the an investigation is
"impending or about to take place." Lumpkin v. State, 129 S.W.3d 659, 663 (Tex.
App.--Houston [1st Dist.] 2004, pet. ref'd); see also Williams v. State, 270 S.W.3d
140, 143-45 (Tex. Crim. App. 2008); Barrow v. State, 241 S.W.3d 919, 923 (Tex.
App.--Eastland 2007, pet. ref'd). A person commits a criminal attempt "if, with
specific intent to commit an offense, he does an act amounting to more than mere
preparation that tends but fails to effect the commission of the offense intended." 
Tex. Penal Code Ann. § 15.01 (Vernon 2003). Here, the State admits that there
was nothing in the area in which appellant was looking that constituted evidence of
the offense with which appellant could have tampered. Therefore, appellant could
only have committed the offense of attempted tampering with evidence by searching
among the bushes and cars in the apartment complex parking lot.

 Based on the facts of the case, I would hold that there was satisfactory proof 
to support the warrantless arrest of appellant based upon the representations of
credible witnesses that appellant and Nogess, who met the description of the persons
involved in the robbery and killing of the complainant at the apartment complex the
night before, had knowledge of the crime, knew that the gun used in the crimes had
been lost, and had returned to the scene, where they looked for the gun in the bushes
and among the cars to conceal or destroy it, knowing that an investigation of the
robbery and murder was pending. There was also satisfactory proof that when
appellant and Nogess saw that they had been spotted by Canales and Lucio while
attempting to commit the additional crime of tampering with the evidence, they
attempted to escape by abandoning their car and leaving the parking lot at the
complex on foot. However, they were tracked from the scene by Canales and their
route was described to Sergeant Vana in the HPD storefront at the apartment
complex by Lucio and Canales. Sergeant Vana, who knew about the crime, the loss
of the gun, and the description of the suspects in the robbery and murder, got in her
car on the basis of this additional credible information and joined the search, spotting
appellant and Nogess when they were pointed out to her by Canales. She conveyed
the information she knew and was continuing to receive to Officer Stearns, who
followed appellant and Nogess from behind and saw them turn and attempt to leave
the road when the police cars approached them. Officer Stearns stopped appellant
and Nogess, arrested them, and conveyed them back to Sergeant Vana at the police
storefront at the apartment complex. 

 I would hold on the basis of the foregoing evidence that there was satisfactory
proof upon the representation of credible persons that a felony had been committed
by appellant and Nogess, that the offenders were about to escape, and there was no
time for the police to get a warrant without losing them. See Tex. Code Crim.
Proc. Ann. art. 14.04 (authorizing warrantless arrest "upon the representation of a
credible person, that a felony has been committed, and that the offender is about to
escape, so that there is no time to procure a warrant"). Accordingly, I would hold
that a warrantless arrest was justified under article 14.04 of the Criminal Code. 

 I concur in the majority's holding that the trial court did not err in denying
appellant's motion to suppress his videotaped statement as the product of an illegal,
warrantless arrest, and I concur in the judgment.

 





 Evelyn Keyes

 Justice


Panel consists of Justices Jennings, Keyes, and Higley. 


Justice Keyes, concurring.


Do not publish. Tex. R. App. P. 47.2(b).